IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES REED, *et al*., | ) | CASE NO. 1:16-CV-00305-JRA |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **FIRST AMENDED ANSWER AND** |
| PAPE MANAGEMENT, INC., *et al*. | ) | **DEFENSES OF DEFENDANTS PAPE** |
| | ) | **MANAGEMENT, INC., BRIDGEPOINT** |
| Defendants. | ) | **VENTURES, LLC, PAPE HOMES, INC.,** |
| | ) | **ANDREW JAMES DEVELOPMENT** |
| | ) | **GROUP LLC, AND JAMES R. PAPE** |
| | ) | **AND COUNTERCLAIM OF** |
| | ) | **DEFENDANTS ANDREW JAMES** |
| | ) | **DEVELOPMENT GROUP LLC, PAPE** |
| | ) | **MANAGEMENT, INC., AND JAMES R.** |
| | ) | **PAPE** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |

Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc.,

Andrew James Development Group LLC, and James R. Pape ("Defendants"), for their First

Amended Answer to the Complaint of Plaintiffs James Reed and RayVaughn Mason, state as

follows:

## ANSWER TO PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, deny the

same.

2.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, deny the

same.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint call for a legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

10.     Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint, except Defendants admit that Defendant James R. Pape supervised Plaintiffs' employment with Defendant Pape Management, Inc. for a period of time after they were hired as employees.

## ANSWER TO JURISDICTION AND VENUE

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## ANSWER TO FACTS

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint, except Defendants admit that Plaintiff Mason was employed by Defendant Pape Management, Inc. for a period of time

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except Defendants admit that Plaintiff Reed was employed by Defendant Pape Management, Inc.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except Defendants admit that Plaintiffs performed work cleaning out properties and cutting grass for Defendant Pape Management, Inc.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint, except that Defendants admit that Defendant Pape Management, Inc. paid Plaintiff Reed a day rate of $125.00 plus other compensation.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint, except that Defendants admit that Defendant Pape Management, Inc. paid Plaintiff Mason a day rate of $100.00 plus other compensation.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint, except that Defendants admit that Defendant Pape Management, Inc. provided Plaintiff Reed and

Plaintiff Mason with housing at a reduced rate as part of their compensation and without a security deposit.

34.     Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint, except Defendants admit that the document attached to Plaintiffs' Compliant as Exhibit A appears to be a true and accurate copy of the Employment Contract between Plaintiff Mason and Defendant Pape Management, Inc.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, deny the same.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, Defendants state that the Employment Contract speaks for itself, and Defendants deny any inconsistent characterization of the contents of the Contract.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, deny the same.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint,

which is vague and confusing.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint, except that Defendants admit that Defendant James R. Pape contacted Plaintiff Reed's probation officer after Reed threatened Pape and Pape had been contacted and told Reed was armed and looking for Pape.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny any false allegations were made and are without knowledge or information sufficient to form a belief as to the truth of the allegation that Reed was not charged with a crime contained in Paragraph 62 of the Complaint and, therefore, deny the same.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, therefore, deny the same.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint, except Defendants admit that eviction proceedings were initiated against Plaintiff Mason for the non-payment of rent.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint, except Defendants admit that eviction proceedings were initiated against Plaintiff Mason for non-payment of rent.

77.     Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and, therefore, deny the

same.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, therefore, deny the same, except Defendants admit that a stop payment was placed on the check because Plaintiff Mason was not owed any money.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants admit the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

### ANSWER TO COUNT I: FAILURE TO PAY MINIMUM WAGE

87.     Defendants, for their response to Paragraph 87 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 86.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

**ANSWER TO COUNT II: FAILURE TO PAY OVERTIME COMPENSATION**

95.     Defendants, for their response to Paragraph 95 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 94.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Defendants admit that Paragraph 98 of the Complaint accurately describes the requirements of R.C. §4111.03(a) and 29 U.S.C. §207, except for failing to use the term regular rate.

99.     Defendants admit the allegations contained in Paragraph 99 of the Complaint, for the period of time they were employees of Defendant Pape Management, Inc.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

**ANSWER TO COUNT III: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS**

105.    Defendants, for their response to Paragraph 105 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 104.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants admit that Paragraph 98 of the Complaint accurately sets forth the prohibited conduct described in 29 U.S.C. §215.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

<b><u>ANSWER TO COUNT IV: BREACH OF CONTRACT</u></b>

115.    Defendants, for their response to the Second Paragraph 108 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 114.

116.    In response to the Second Paragraph 109 of the Complaint, Defendants state that the Employment Contract speaks for itself, and Defendants deny any inconsistent characterization of the contents of the Contract.

117.    In response to the Second Paragraph 110 of the Complaint, Defendants state that the Employment Contract speaks for itself, and Defendants deny any inconsistent characterization of the contents of the Contract.

118.    Defendants deny the allegations contained in the Second Paragraph 111 of the Complaint.

119.    Defendants deny the allegations contained in the Second Paragraph 112 of the Complaint.

<b><u>ANSWER TO COUNT V: UNJUST ENRICHMENT</u></b>

120.    Defendants, for their response to the Second Paragraph 113 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to

Paragraphs 1 through the Second Paragraph 112 of the Complaint.

121.    Defendants  deny  the  allegations  contained  in  the  Second  Paragraph  114  of  the Complaint.

122.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

125.    The  allegations  contained  in  Paragraph  118  of  the  Complaint  call  for  a  legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 118.

### ANSWER TO COUNT VII: FRAUD

126.    Defendants, for their response to Paragraph 119 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through the Paragraph 118 of the Complaint.

127.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

128.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

129.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

### ANSWER TO COUNT VIII: DEFAMATION PER SE

134.    Defendants, for their response to the Second Paragraph 115 of the Complaint, incorporate  by  reference  the  admissions,  denials,  and  defenses  set  forth  with  respect  to

Paragraphs 1 through Paragraph 126 of the Complaint.

135.     Defendants deny the allegations contained in the Second Paragraph 116 of the Complaint.

136.     Defendants admit the allegations contained in the Second Paragraph 117 of the Complaint.  Pape's statements to the police and probation officer are true.

137.     Defendants deny the allegations contained in the Second Paragraph 118 of the Complaint.

138.     Defendants deny the allegations contained in the Second Paragraph 119 of the Complaint.

139.     Defendants deny the allegations contained in the Second Paragraph 120 of the Complaint.

140.     Defendants deny the allegations contained in the Second Paragraph 121 of the Complaint.

## ANSWER TO THE SECOND COUNT VIII: FAILURE TO PAY WAGES IN VIOLATION OF R.C. §4113.15

141.     Defendants, for their response to the Second Paragraph 122 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through the Second Paragraph 121 of the Complaint.

142.     Defendants admit that the Second Paragraph 123 of the Complaint accurately quotes R.C. §4113.15 (A).

143.     Defendants deny the allegations contained in the Second Paragraph 124 of the Complaint.

144.     Defendants deny the allegations contained in the Second Paragraph 125 of the Complaint.

145.    Defendants deny the allegations contained in the Second Paragraph 126 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

**ANSWER TO COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

147.    Defendants, for their response to Paragraph 128 of the Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through Paragraph 127 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 129 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

152.    Defendant specifically controverts the Demand for Relief set forth below Paragraph 132 of the Complaint, including its sub-paragraphs (a)-(e).

**FIRST DEFENSE**

153.    The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

154.    Plaintiffs' claims, or portions of Plaintiffs' claims, are barred by the applicable statute of limitations.

**THIRD DEFENSE**

155.    Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and Ohio wage laws.

**FOURTH DEFENSE**

156.    Defendant neither knew nor had reason to know that Plaintiffs were allegedly working more than 40 hours in a workweek.

12

**FIFTH DEFENSE**

157.    Any alleged activities by Plaintiffs in excess of 40 hours in a workweek were not an integral and indispensable part of their principal activities of employment and do not constitute compensable work.

**SIXTH DEFENSE**

158.    Any overtime allegedly worked by Plaintiffs was de minimus and not compensable under the FLSA.

**SEVENTH DEFENSE**

159.    Defendants did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

**EIGHTH DEFENSE**

160.    The alleged time for which Plaintiffs seeks compensation is irregular as well as practically and administratively difficult to record.

**NINTH DEFENSE**

161.    Plaintiffs' breach of contract claims are barred by failure of condition precedent.

**TENTH DEFENSE**

162.    Some of Plaintiffs' claims are barred by the parole evidence rule.

**ELEVENTH DEFENSE**

163.    Some or all of Plaintiffs' claims are barred by the equitable doctrines of waiver, unclean hands, latches, and/or estoppel.

**TWELFTH DEFENSE**

164.    Defendants' policies, practices, decisions and actions with respect to Plaintiffs were at all time based on legitimate, non-retaliatory business justifications.

### THIRTEENTH DEFENSE

165.    Plaintiffs failed to plead their fraud claim with particularity.

### FOURTEENTH DEFENSE

166.    Any and all statements made or published by Defendants concerning Plaintiff Reed were true or substantially true.

### FIFTEENTH DEFENSE

167.    Some or all statements made or published by Defendants concerning Plaintiff Reed were expressions of Defendants' opinion.

### SIXTEENTH DEFENSE

168.    Any and all statements made or published by Defendants concerning Plaintiff Reed were protected by qualified privilege.

### SEVENTEENTH DEFENSE

169.    Defendants have not acted with actual malice toward Plaintiffs, nor were any of Defendants' actions toward Plaintiff characterized by hatred, ill will, revenge, or a conscious disregard for the rights and/or safety of Plaintiffs.

### EIGHTEENTH DEFENSE

170.    The Court lacks, or should decline to exercise supplemental jurisdiction over some of Plaintiffs' claims.

### NINETEENTH DEFENSE

171.    The imposition of punitive damages in this case is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States and/or the State of Ohio.

### TWENTIETH DEFENSE

172.    Any award of punitive damages in this case is barred to the extent that the amount

of such award violates the Constitution of the United States and/or the State of Ohio.

### TWENTY-FIRST DEFENSE

173.    Plaintiffs' claim for non-economic damages is barred, in whole or in part, by the limitations on the recovery of non-economic damages contained in Ohio Revised Code § 2315.18.

### TWENTY-SECOND DEFENSE

174.    Plaintiffs' claim for punitive damages is barred, in whole or in part, by the limitations on recovery of punitive damages contained in Ohio Revised Code § 2315.21.

### TWENTY-THIRD DEFENSE

175.    Plaintiffs are not subject to enterprise coverage or individual coverage under the FLSA.

### TWENTY-FOURTH DEFENSE

176.    Plaintiffs' claims are barred for failure of service.

### TWENTY-FIFTH DEFENSE

177.    Defendants reserve the right to designate additional defenses as they come to light in the course of investigation, discovery, or otherwise.

WHEREFORE, having fully answered, Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc., Andrew James Development Group LLC, and James R. Pape pray that this Court dismiss Plaintiffs' Complaint with prejudice, and order Plaintiffs to pay Defendants' reasonable attorneys' fees and such other costs as this Court may deem appropriate.

### COUNTERCLAIM

Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape for their Counterclaims against Plaintiffs/Counterclaim Defendants James Reed ("Reed") and Rayvaughn Mason ("Mason"), allege as follows:

1.      For the purposes of this Counterclaim against Reed and Mason, Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape reassert all of their admissions, denials, and other responses in their Amended Answer to Reed's and Mason's Complaint as if fully written herein.

## COUNT ONE: BREACH OF CONTRACT
**By Defendant/Counterclaimant Andrew James Development Group LLC**
**Against Plaintiff/Counterclaim Defendant Mason**

2.      On or around January 1, 2015, Mason was hired by Defendant/Counterclaimant Pape Management, Inc.

3.      Mason was provided a tenancy at 3947 East 176th St. in Cleveland, Ohio.

4.      The 3947 East 176th St. property was and is owned by Defendant/Counterclaimant Andrew James Development Group LLC.

5.      In consideration for the conveyance of the right to use and occupy the 3947 East 176th St. property, Mason was obligated to pay rent at the reduced rate of $650.00 per month.

6.      All lease agreements, whether express or implied, contain an implied duty to return the premises in substantially as good condition as when the property was received, except for reasonable wear and tear.

7.      Mason breached his lease agreement by failing to return the 3947 East 176th St. property in substantially as good condition as when the property was received.

8.      Mason knowingly, willfully, or negligently caused substantial damage to the 3947 East 176th St. property.

9.      As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Andrew James Development Group LLC has been damaged and is entitled to the costs of

repairing the 3947 East 176th St. property to its original condition, in an amount to be determined at trial.

### COUNT TWO: BREACH OF CONTRACT
**By Defendant/Counterclaimant Pape Management, Inc.**
**Against Plaintiff/Counterclaim Defendant Reed**

10.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 9 of their Counterclaim as if fully written herein.

11.     On or around January 1, 2015, Reed was hired by Defendant/Counterclaimant Pape Management, Inc.

12.     Reed was provided a tenancy at 12106 Lenacrave Ave. in Cleveland, Ohio by Pape Management, Inc.

13.     In consideration for the conveyance of the right to use and occupy the 12106 Lenacrave Ave. property, Reed was obligated to pay rent at the reduced rate of $500.00 per month.

14.     All lease agreements, whether express or implied, contain an implied duty to return the premises in substantially as good condition as when the property was received, except for reasonable wear and tear.

15.     Reed breached his lease agreement by failing to return the 12106 Lenacrave Ave. property in substantially as good condition as when the property was received.

16.     Reed knowingly, willfully, or negligently caused or allowed to be caused substantial damage to the 12106 Lenacrave Ave. property.

17.     As a direct and proximate result of Reed's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged, and is entitled to the reasonable cost of repairing the 12106 Lenacrave Ave. property to its original condition, in an amount to be determined at trial.

## COUNT THREE: INTENTIONAL OR NEGLIGENT DAMAGE TO PROPERTY
### (OHIO R.C. § 5321.05)
**By Defendant/Counterclaimant Andrew James Development Group LLC Against
Plaintiff/Counterclaim Defendant Mason**

18.  Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 17 of their Counterclaim as if fully written herein.

19.  As a tenant, Mason was obligated to refrain from and forbid any other person from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the 3947 East 176th St. property. R.C. § 5321.05.

20.  Mason's actions violated his obligations as a tenant under R.C. § 5321.05.

21.  As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Andrew James Development Group LLC has been damaged and is entitled to actual damages and reasonable attorney's fees. R.C. § 5321.05, in an amount to be determined at trial.

## COUNT FOUR: INTENTIONAL OR NEGLIGENT DAMAGE TO PROPERTY
### (OHIO R.C. § 5321.05)
**By Defendant/Counterclaimant Pape Management, Inc.
Against Plaintiff/Counterclaim Defendant Reed**

22.  Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 21 of their Counterclaim as if fully written herein.

23.  As a tenant, Reed was obligated to refrain from and forbid any other person from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the 12106 Lenacrave Ave. property. R.C. § 5321.05.

24.  Reed's actions violated his obligations as a tenant under R.C. § 5321.05.

25.  As a direct and proximate result of Reed's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged and is entitled to actual damages and reasonable attorney's fees. R.C. § 5321.05, in an amount to be determined at trial.

## COUNT FIVE: DAMAGE TO PROPERTY
**By Defendant/Counterclaimant Pape Management, Inc. Against Plaintiff/Counterclaim Defendant Mason**

26.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 25 of their Counterclaim as if fully written herein.

27.     Ohio law provides that all individuals have a duty to refrain from conduct likely to cause injury or damage to the person or property of another.

28.     Upon information and belief, in or around May 2015, Mason knowingly, willfully, or negligently caused physical harm to the 12106 Lenacrave Ave. property occupied by Reed.

29.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged and is entitled to recover the actual damages caused by Mason's actions in an amount to be determined at trial.

30.     Mason's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendant/Counterclaimant Pape Management, Inc. to an award of punitive damages.

## COUNT SIX: BREACH OF CONTRACT FOR UNPAID RENT
**By Defendant/Counterclaimant Pape Management, Inc. Against Plaintiff/Counterclaim Defendant Mason**

31.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 30 of their Counterclaim as if fully written herein.

32.     In exchange for his right to use and occupy the 3947 East 176th St. property, Mason agreed and was obligated to pay rent at the reduced rate of $650.00 per month to Defendant/Counterclaimant Pape Management, Inc.

33.     Mason breached his lease agreement with Defendant/Counterclaimant Pape Management, Inc. by failing for pay rent plus late charges until the expiration of his lease or until the properly was re-rented.

34.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged in an amount to be determined at trial.

**COUNT SEVEN: CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACTS**
**By Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC Against Plaintiff/Counterclaim Defendant Mason**

35.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 34 of their Counterclaim as if fully written herein

36.     Ohio law provides a civil action for damages caused by a criminal act. Ohio R.C. § 2307.60.

37.     Ohio law also provides that where a property owner brings a civil action to recover damages from any person who willfully damages the owner's property, the property owner is entitled to recovery three times the amount of the property that was willfully damaged. Ohio R.C. § 2307.61.

38.     Mason knowingly or willfully caused physical harm to the 3947 East 176th St. property.

39.     Upon information and belief, Mason also knowingly or willfully caused physical harm to the 12106 Lenacrave Ave. property occupied by Reed.

40.     Mason's actions constitute criminal acts (under Ohio R.C. § 2909.06 and/or 2909.05), and Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC are entitled to recover the actual damages caused by Mason's criminal

acts and three times the value of the property that was the subject of the willful damage, in an amount to be determined at trial.

41.     Mason's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC to an award of punitive damages.

### COUNT EIGHT: CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACTS
**By Defendant/Counterclaimant James R. Pape**
**Against Plaintiff/Counterclaim Defendant Reed**

42.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 41 of their Counterclaim as if fully written herein.

43.     In or around May, 2015, Reed contacted Defendant/Counterclaimant James R. Pape ("Pape") and threatened Pape with serious physical harm and death.

44.     Shortly thereafter, Pape was informed by another individual that Reed was armed and was looking for Pape.

45.     Pape, fearful of Reed and in fear or serious physical harm and/or death, contacted Reed's parole officer who eventually detained Reed.

46.     Ohio law provides a civil action for damages caused by a criminal act. Ohio R.C. § 2307.60.

47.     Ohio law also provides criminal penalties for any person who knowingly causes another to believe that the offender will cause serious physical harm to the other person.  Ohio R.C. § 2903.21.

48.     Reed knowingly caused Pape to believe that Reed would cause serious physical harm and/or death to Pape.

49.     Reed's actions constitute criminal acts under R.C. § 2903.21, and Defendant/Counterclaimant James R. Pape is entitled to recover the damages caused by Reed's criminal acts in an amount to be determined at trial.

50.     Reed's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendant/Counterclaimant James R. Pape to an award of punitive damages.

WHEREFORE, Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape respectfully demand judgment against Plaintiffs/Counterclaim Defendants James Reed and Rayvaughn Mason as follows:

A.      A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Andrew James Development Group LLC for all damages caused by Mason's breach of his lease agreement, in an amount to be proven at trial;

B.      A judgment against Plaintiff/Counterclaim Defendant James Reed in favor of Defendant/Counterclaimant Pape Management, Inc. for all damages caused by Reed's breach of his lease agreement, in an amount to be proven at trial;

C.      A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Pape Management, Inc. for all damages caused by Mason's damage to the 12106 Lenacrave Ave. property, in an amount to be proven at trial.

D.      A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Andrew James Development Group LLC in an amount equal to Mason's unpaid rent, plus late charges, in an amount to be proven at trial;

E.      A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendants/Counterclaimants Andrew James Development Group LLC and Pape Management, Inc. for all damages caused by Mason's criminal acts, including three times the value of the property willfully damaged by Mason, in an amount to be proven at trial;

F.      A judgment against Plaintiff/Counterclaim Defendant James Reed in favor of Defendant/Counterclaimant James R. Pape for all damages caused by Reed's criminal acts, in an amount to be proven at trial;

G.      Punitive damages;

H.      Defendants/Counterclaimants reasonable attorneys' fees and costs of this action;

I.      Pre-judgment and post-judgment interest; and

J.      Such other relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Christine M. Snyder*
Thomas R. Simmons (0062422)
Christine M. Snyder (0086788)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:  thomas.simmons@tuckerellis.com
            christine.snyder@tuckerellis.com

*Attorneys for Defendants and*
*Counterclaimants*

## <u>PROOF OF SERVICE</u>

The foregoing Amended Answer and Defenses of Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc., Andrew James Development Group LLC, and James R. Pape and Counterclaim of Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape was filed electronically on May 10, 2016.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Christine M. Snyder*
Thomas R. Simmons (0062422)
Christine M. Snyder (0086788)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
E-mail:  thomas.simmons@tuckerellis.com
            christine.snyder@tuckerellis.com

*Attorneys for Defendants and
Counterclaimants*

24