IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES REED, *et al*., | ) | CASE NO. 1:16-CV-00305-JRA |
| | ) | |
| Plaintiffs, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| PAPE MANAGEMENT, INC., *et al*. | ) | **ANSWER AND DEFENSES OF** |
| | ) | **DEFENDANTS PAPE MANAGEMENT,** |
| Defendants. | ) | **INC., BRIDGEPOINT VENTURES,** |
| | ) | **LLC, PAPE HOMES, INC., ANDREW** |
| | ) | **JAMES DEVELOPMENT GROUP LLC,** |
| | ) | **AND JAMES R. PAPE TO** |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| | ) | **COMPLAINT FOR DAMAGES AND** |
| | ) | **COUNTERCLAIM OF DEFENDANTS** |
| | ) | **ANDREW JAMES DEVELOPMENT** |
| | ) | **GROUP LLC, PAPE MANAGEMENT,** |
| | ) | **INC., AND JAMES R. PAPE** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |

Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc.,

Andrew James Development Group LLC, and James R. Pape ("Defendants"), for their Answer to

the First Amended Complaint for Damages ("Amended Complaint") of Plaintiffs James Reed

and Rayvaughn Mason, state as follows:

## ANSWER TO PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1 of the Amended Complaint and, therefore,

deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Amended Complaint and, therefore,

deny the same.

3.      Defendants admit the allegations contained in Paragraph 3 of the Amended

Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.      The allegations contained in Paragraph 9 of the Amended Complaint call for a legal conclusion for which no response is needed.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

10.      Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

11.      Defendants admit the allegations contained in Paragraph 11 of the Amended Complaint.

12.      Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint, except Defendants admit that Defendant James R. Pape supervised Plaintiffs' employment with Defendant Pape Management, Inc. for a period of time after they were hired as employees.

## ANSWER TO JURISDICTION AND VENUE

13.     Defendants admit the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Amended Complaint.

## ANSWER TO FACTS

15.     Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint, except Defendants admit that Plaintiff Mason was employed by Defendant Pape Management, Inc. for a period of time.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint, except Defendants admit that Plaintiff Reed was employed by Defendant Pape Management, Inc.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint, except Defendants admit that Plaintiffs performed work cleaning out properties and cutting grass  for Defendant Pape Management, Inc.

21.     Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint, except that Defendants admit that Defendant Pape Management, Inc. paid Plaintiff Reed a day rate of $125.00 plus other compensation plus other compensation.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint, except that Defendants admit that Defendant Pape Management, Inc. paid Plaintiff Mason a day rate of $100.00 plus other compensation.

27.     Defendants admit the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended

Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint, except that Defendants admit that Defendant Pape Management, Inc. provided Plaintiff Reed and Plaintiff Mason with housing at a reduced rate as part of their compensation and without a security deposit.

34.     Defendants admit the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants admit the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants admit the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint and, therefore, deny the same.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint and, therefore, deny the same, except Defendants admit that a stop payment was placed on the check because Plaintiff Mason was not owed any money.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

## ANSWER TO COUNT I: FAILURE TO PAY MINIMUM WAGE

53.     Defendants, for their response to Paragraph 53 of the Amended Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 52.

54.     Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

## ANSWER TO COUNT II: FAILURE TO PAY OVERTIME COMPENSATION

61.     Defendants, for their response to Paragraph 61 of the Amended Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 60.

62.     Defendants deny the allegations contained in Paragraph 62 of the Amended

Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendants admit that Paragraph 64 of the Amended Complaint accurately describes the requirements of R.C. §4111.03(a) and 29 U.S.C. §207, except for failing to use the term regular rate.

65.     Defendants admit the allegations contained in Paragraph 65 of the Amended Complaint, for the period of time they were employees of Defendant Pape Management, Inc.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

## ANSWER TO COUNT III: UNLAWFUL RETALIATION BASED ON PROTECTED WAGE COMPLAINTS

71.     Defendants, for their response to Paragraph 71 of the Amended Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 70.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended

8

Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants admit that Paragraph 74 of the Amended Complaint accurately sets forth the prohibited conduct described in 29 U.S.C. §215.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

## ANSWER TO COUNT IV: FAILURE TO PAY WAGES IN VIOLATION OF R.C. §4113.15 (OHIO PROMPT PAY ACT)

79.     Defendants, for their response to Paragraph 79 of the Amended Complaint, incorporate by reference the admissions, denials, and defenses set forth with respect to Paragraphs 1 through 78.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint, except that Defendants admit that Plaintiffs Mason and Reed were employed by Defendant Pape Management, Inc. for a period of time and Defendant Pape Management, Inc. was covered by R.C. §4113.15 (A).

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint, except Defendants admit that Paragraph 81 accurately summarizes the requirements

of R.C. §4113.15 (A).

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendant specifically controverts the Demand for Relief set forth below Paragraph 84 of the Amended Complaint, including its sub-paragraphs (a)-(e).

## FIRST DEFENSE

86.     The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

87.     Plaintiffs' claims, or portions of Plaintiffs' claims, are barred by the applicable statute of limitations.

## THIRD DEFENSE

88.     Plaintiffs' claims, or portions of Plaintiffs' claims, are barred for lack of standing.

## FOURTH DEFENSE

89.     Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and Ohio wage laws.

## FIFTH DEFENSE

90.     Defendant neither knew nor had reason to know that Plaintiffs were allegedly working more than 40 hours in a workweek.

## SIXTH DEFENSE

91.     Any alleged activities by Plaintiffs in excess of 40 hours in a workweek were not

an integral and indispensable part of their principal activities of employment and do not constitute compensable work.

## SEVENTH DEFENSE

92.     Any overtime allegedly worked by Plaintiffs was de minimus and not compensable under the FLSA.

## EIGHTH DEFENSE

93.     Defendants did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

## NINTH DEFENSE

94.     The alleged time for which Plaintiffs seeks compensation is irregular as well as practically and administratively difficult to record.

## TENTH DEFENSE

95.     Defendants' policies, practices, decisions and actions with respect to Plaintiffs were at all time based on legitimate, non-retaliatory business justifications..

## ELEVENTH DEFENSE

96.     The Court lacks, or should decline to exercise supplemental jurisdiction over some of Plaintiffs' claims.

## TWELFTH DEFENSE

97.     Plaintiffs' claim for non-economic damages is barred, in whole or in part, by the limitations on the recovery of non-economic damages contained in Ohio Revised Code § 2315.18.

## THIRTEENTH DEFENSE

98.     Plaintiffs are not subject to enterprise coverage or individual coverage under the FLSA or Ohio's overtime pay requirements.

**FOURTEENTH DEFENSE**

99.     Plaintiffs' claims are barred for failure of service.

**FIFTEENTH DEFENSE**

100.     Defendants reserve the right to designate additional defenses as they come to light in the course of investigation, discovery, or otherwise.

WHEREFORE, having fully answered, Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc., Andrew James Development Group LLC, and James R. Pape pray that this Court dismiss Plaintiffs' Amended Complaint with prejudice, and order Plaintiffs to pay Defendants' reasonable attorneys' fees and such other costs as this Court may deem appropriate.

**COUNTERCLAIM**

Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape for their Counterclaims against Plaintiffs/Counterclaim Defendants James Reed ("Reed") and Rayvaughn Mason ("Mason"), allege as follows:

1.     For the purposes of this Counterclaim against Reed and Mason, Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape reassert all of their admissions, denials, and other responses in their Answer to Reed's and Mason's Amended Complaint as if fully written herein.

**COUNT ONE: BREACH OF CONTRACT**
**By Defendant/Counterclaimant Andrew James Development Group LLC**
**Against Plaintiff/Counterclaim Defendant Mason**

2.     On or around January 1, 2015, Mason was hired by Defendant/Counterclaimant Pape Management, Inc.

3.     Mason was provided a tenancy at 3947 East 176th St. in Cleveland, Ohio.

12

4.     The 3947 East 176th St. property was and is owned by Defendant/Counterclaimant Andrew James Development Group LLC.

5.     In consideration for the conveyance of the right to use and occupy the 3947 East 176th St. property, Mason was obligated to pay rent at the reduced rate of $650.00 per month.

6.     All lease agreements, whether express or implied, contain an implied duty to return the premises in substantially as good condition as when the property was received, except for reasonable wear and tear.

7.     Mason breached his lease agreement by failing to return the  3947 East 176th St. property in substantially as good condition as when the property was received.

8.     Mason knowingly, willfully, or negligently caused substantial damage to the 3947 East 176th St. property.

9.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Andrew James Development Group LLC has been damaged and is entitled to the costs of repairing the 3947 East 176th St. property to its original condition, in an amount to be determined at trial.

### COUNT TWO: BREACH OF CONTRACT
**By Defendant/Counterclaimant Pape Management, Inc.**
**Against Plaintiff/Counterclaim Defendant Reed**

10.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 9 of their Counterclaim as if fully written herein.

11.     On or around January 1, 2015, Reed was hired by Defendant/Counterclaimant Pape Management, Inc.

12.     Reed was provided a tenancy at 12106 Lenacrave Ave. in Cleveland, Ohio by Pape Management, Inc.

13.     In consideration for the conveyance of the right to use and occupy the 12106 Lenacrave Ave. property, Reed was obligated to pay rent at the reduced rate of $500.00 per month.

14.     All lease agreements, whether express or implied, contain an implied duty to return the premises in substantially as good condition as when the property was received, except for reasonable wear and tear.

15.     Reed breached his lease agreement by failing to return the 12106 Lenacrave Ave. property in substantially as good condition as when the property was received.

16.     Reed knowingly, willfully, or negligently caused or allowed to be caused substantial damage to the 12106 Lenacrave Ave. property.

17.     As a direct and proximate result of Reed's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged, and is entitled to the reasonable cost of repairing the 12106 Lenacrave Ave. property to its original condition, in an amount to be determined at trial.

**COUNT THREE: INTENTIONAL OR NEGLIGENT DAMAGE TO PROPERTY**
**(OHIO R.C. § 5321.05)**
**By Defendant/Counterclaimant Andrew James Development Group LLC Against**
**Plaintiff/Counterclaim Defendant Mason**

18.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 17 of their Counterclaim as if fully written herein.

19.     As a tenant, Mason was obligated to refrain from and forbid any other person from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the 3947 East 176th St. property. R.C. § 5321.05.

20.      Mason's actions violated his obligations as a tenant under R.C. § 5321.05.

14

21.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Andrew James Development Group LLC has been damaged and is entitled to actual damages and reasonable attorney's fees. R.C. § 5321.05, in an amount to be determined at trial.

### COUNT FOUR: INTENTIONAL OR NEGLIGENT DAMAGE TO PROPERTY
### (OHIO R.C. § 5321.05)
**By Defendant/Counterclaimant Pape Management, Inc.**
**Against Plaintiff/Counterclaim Defendant Reed**

22.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 21 of their Counterclaim as if fully written herein.

23.     As a tenant, Reed was obligated to refrain from and forbid any other person from intentionally or negligently destroying, defacing, damaging, or removing any fixture, appliance, or other part of the 12106 Lenacrave Ave. property. R.C. § 5321.05.

24.      Reed's actions violated his obligations as a tenant under R.C. § 5321.05.

25.     As a direct and proximate result of Reed's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged and is entitled to actual damages and reasonable attorney's fees. R.C. § 5321.05, in an amount to be determined at trial.

### COUNT FIVE: DAMAGE TO PROPERTY
**By Defendant/Counterclaimant Pape Management, Inc. Against Plaintiff/Counterclaim**
**Defendant Mason**

26.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 25 of their Counterclaim as if fully written herein.

27.     Ohio law provides that all individuals have a duty to refrain from conduct likely to cause injury or damage to the person or property of another.

28.     Upon information and belief, in or around May 2015, Mason knowingly, willfully, or negligently caused physical harm to the 12106 Lenacrave Ave. property occupied by Reed.

15

29.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged and is entitled to recover the actual damages caused by Mason's actions in an amount to be determined at trial.

30.     Mason's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendant/Counterclaimant Pape Management, Inc. to an award of punitive damages.

## COUNT SIX: BREACH OF CONTRACT FOR UNPAID RENT
### By Defendant/Counterclaimant Pape Management, Inc. Against Plaintiff/Counterclaim Defendant Mason

31.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 30 of their Counterclaim as if fully written herein.

32.     In exchange for his right to use and occupy the 3947 East 176th St. property, Mason agreed and was obligated to pay rent at the reduced rate of $650.00 per month to Defendant/Counterclaimant Pape Management, Inc.

33.     Mason breached his lease agreement with Defendant/Counterclaimant Pape Management, Inc. by failing for pay rent plus late charges until the expiration of his lease or until the properly was re-rented.

34.     As a direct and proximate result of Mason's actions, Defendant/Counterclaimant Pape Management, Inc. has been damaged in an amount to be determined at trial.

## COUNT SEVEN: CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACTS
### By Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC Against Plaintiff/Counterclaim Defendant Mason

35.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 34 of their Counterclaim as if fully written herein

16

36.     Ohio law provides a civil action for damages caused by a criminal act. Ohio R.C. § 2307.60.

37.     Ohio law also provides that where a property owner brings a civil action to recover damages from any person who willfully damages the owner's property, the property owner is entitled to recovery three times the amount of the property that was willfully damaged. Ohio R.C. § 2307.61.

38.     Mason knowingly or willfully caused physical harm to the 3947 East 176th St. property.

39.     Upon information and belief, Mason also knowingly or willfully caused physical harm to the 12106 Lenacrave Ave. property occupied by Reed.

40.     Mason's actions constitute criminal acts (under Ohio R.C. § 2909.06 and/or 2909.05), and Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC are entitled to recover the actual damages caused by Mason's criminal acts and three times the value of the property that was the subject of the willful damage, in an amount to be determined at trial.

41.     Mason's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendants/Counterclaimants Pape Management, Inc. and Andrew James Development Group LLC to an award of punitive damages.

**COUNT EIGHT: CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACTS**
**By Defendant/Counterclaimant James R. Pape**
**Against Plaintiff/Counterclaim Defendant Reed**

42.     Defendants/Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 41 of their Counterclaim as if fully written herein.

17

43.     In or around May, 2015, Reed contacted Defendant/Counterclaimant James R. Pape ("Pape") and threatened Pape with serious physical harm and death.

44.     Shortly thereafter, Pape was informed by another individual that Reed was armed and was looking for Pape.

45.     Pape, fearful of Reed and in fear or serious physical harm and/or death, contacted Reed's parole officer who eventually detained Reed.

46.     Ohio law provides a civil action for damages caused by a criminal act. Ohio R.C. § 2307.60.

47.     Ohio law also provides criminal penalties for any person who knowingly causes another to believe that the offender will cause serious physical harm to the other person.  Ohio R.C. § 2903.21.

48.     Reed knowingly caused Pape to believe that Reed would cause serious physical harm and/or death to Pape.

49.     Reed's actions constitute criminal acts under R.C. § 2903.21, and Defendant/Counterclaimant James R. Pape is entitled to recover the damages caused by Reed's criminal acts in an amount to be determined at trial.

50.     Reed's actions were done willfully, maliciously, and with wanton and reckless disregard of the rights of others, entitling Defendant/Counterclaimant James R. Pape to an award of punitive damages.

WHEREFORE, Defendants/Counterclaimants Andrew James Development Group LLC, Pape Management, Inc., and James R. Pape respectfully demand judgment against Plaintiffs/Counterclaim Defendants James Reed and Rayvaughn Mason as follows:

A.     A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Andrew James Development Group LLC for all damages caused by Mason's breach of his lease agreement, in an amount to be proven at trial;

B.     A judgment against Plaintiff/Counterclaim Defendant James Reed in favor of Defendant/Counterclaimant Pape Management, Inc. for all damages caused by Reed's breach of his lease agreement, in an amount to be proven at trial;

C.     A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Pape Management, Inc. for all damages caused by Mason's damage to the 12106 Lenacrave Ave. property, in an amount to be proven at trial.

D.     A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendant/Counterclaimant Andrew James Development Group LLC in an amount equal to Mason's unpaid rent, plus late charges, in an amount to be proven at trial;

E.     A judgment against Plaintiff/Counterclaim Defendant Rayvaughn Mason in favor of Defendants/Counterclaimants Andrew James Development Group LLC and Pape Management, Inc. for all damages caused by Mason's criminal acts, including three times the value of the property willfully damaged by Mason, in an amount to be proven at trial;

F.     A judgment against Plaintiff/Counterclaim Defendant James Reed in favor of Defendant/Counterclaimant James R. Pape for all damages caused by Reed's criminal acts, in an amount to be proven at trial;

G.     Punitive damages;

H.     Defendants/Counterclaimants reasonable attorneys' fees and costs of this action;

I.     Pre-judgment and post-judgment interest; and

J.     Such other relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Thomas R. Simmons*
Thomas R. Simmons (0062422)
Christine M. Snyder (0086788)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
E-mail:  thomas.simmons@tuckerellis.com
         christine.snyder@tuckerellis.com

*Attorneys for Defendants*

## PROOF OF SERVICE

The foregoing Answer and Defenses of Defendants Pape Management, Inc., Bridgepoint Ventures, LLC, Pape Homes, Inc., Andrew James Development Group LLC, and James R. Pape to Plaintiffs' First Amended Complaint and Counterclaim of Andrew James Development Group LLC,  Pape Management, Inc., and James R. Pape was filed electronically on June 20, 2016. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas R. Simmons*
Thomas R. Simmons (0062422)
Christine M. Snyder (0086788)
TUCKER ELLIS LLP
950 Main Avenue - Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:   216.592.5009
E-mail:  thomas.simmons@tuckerellis.com
            christine.snyder@tuckerellis.com

*Attorneys for Defendants*

2720161